**Jose Luis ZAZUETA FELIX,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–70735.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Jose Luis Zazueta Felix, Thermal, CA, AZ, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

José Luis Zazueta–Felix, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal for failure to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to his departure to Mexico in 1992. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Zazueta–Felix testified that after immigration officials arrested him at the border in 1992, they let him go back to Mexico "voluntarily." An I–213 form stated that he "requested and was granted a voluntary departure to Mexico."

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). When an alien is simply "turned around at the border" by immigration officials, however, his departure does not interrupt his continuous physical pres-

---

ence. *Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005) (finding no interruption even when alien was fingerprinted and information about his attempted entry was entered into government's computer database).

This case was decided before *Tapia.* Notwithstanding the I–213 form, on the record before us, we cannot determine definitively whether Zazueta–Felix received administrative voluntary departure under threat of deportation or removal. We therefore grant the petition and remand for further proceedings concerning the nature of Zazueta–Felix's contacts with immigration officials in 2000. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.